UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ELIZABETH BURBAGE,                              :
                                                :
                   Plaintiff,              :   Case No. CV 07 37665
                                                :   and Twenty-Seven
   - against -                                 :   Related Actions
                                                :   (WCC)(GAY)
LOUIS PUBLIC COMPANY LIMITED and GROUP          :
VOYAGERS, INC.,                                 :
                Defendants.              :
------------------------------------------------------------------ x
NORMA BALDUCCI,                                 :
                                                :
                   Plaintiff,              :   Case No. 07 Civ. 3668 (WCC)
                                                :
   -against-                                   :
                                                :
LOUIS PUBLIC COMPANY LIMITED and GROUP          :
VOYAGERS, INC.,                                 :
                                                :
                Defendants.              :
------------------------------------------------------------------ x
LORRAINE CARPINO,                               :
                                                :
                   Plaintiff,              :   Case No. 07 Civ. 6977 (WCC)
                                                :
   -against-                                   :
                                                :
LOUIS PUBLIC COMPANY LIMITED and GROUP          :
VOYAGERS, INC.,                                 :
                                                :
                Defendants.              :
------------------------------------------------------------------ x
PATRICIA DeASTIS                                :
                                                :
                   Plaintiff,              :   Case No. 07 Civ. 3681 (WCC)
   -against-                                   :
                                                :
LOUIS PUBLIC COMPANY LIMITED and GROUP          :
VOYAGERS, INC.,                                 :
                                                :
                                                :
                Defendants.              :

2

---------------------------------------------------------------x
ANN HORRIGAN,                                                  :
                                                               :
                          Plaintiff,                           :  Case No. Civ. 3677 (WCC)
                                                               :
         -against-                                             :
                                                               :
LOUIS PUBLIC COMPANY LIMITED and GROUP                         :
VOYAGERS, INC.,                                                :
                                                               :
                          Defendants.                          :
---------------------------------------------------------------x
LAURA KOSSOW,                                                  :
                                                               :
                          Plaintiff,                           :  Case No. Civ. 4638 (WCC)
                                                               :
         -against-                                             :
                                                               :
LOUIS PUBLIC COMPANY LIMITED and GROUP                         :
VOYAGERS, INC.,                                                :
                                                               :
                          Defendants.                          :
---------------------------------------------------------------x
LUCY VITALIANO,                                                :
                                                               :
                          Plaintiff,                           :  Case No. Civ. 6979 (WCC)
                                                               :
         -against-                                             :
                                                               :
LOUIS PUBLIC COMPANY LIMITED and GROUP                         :
VOYAGERS, INC.,                                                :
                                                               :
                          Defendants.                          :
---------------------------------------------------------------x

**PLAINTIFFS' SUPPLEMENTAL
MEMORANDUM OF LAW**

In the initial letter to the Court, it was stated that Kreindler & Kreindler LLP had taken

3

over the files of Todd J. Krouner in this case and had additional points to make in holding Defendant Group Voyagers Inc., ("Globus") liable for the sinking of M/V Sea Diamond and later chaotic evacuation. This memorandum asserts that there is liability separate and apart, although linked to the negligence of Defendant Louis Public Co., Ltd. ("Louis").

## Important Facts of the Case

The brief of defendant Group Voyagers, Inc. states that this Defendant is the tour operator in this tragic accident.

P.1. Defendant has the "role of tour packager". Defendant "purchased tour packages through Cruise Planners."

P.2. Cruise Planners sold plaintiffs a Voyagers package."

As a tour operator or packager, this defendant has significant legal obligations to plaintiffs.

The "Terms and Conditions" (an exhibit in the Defendant's papers and Ex. 1 attached) state in part.

"Group Voyagers, Inc. . . . is an independent company (The "Company") licensed to market and distribute travel products under the Globus brand-name, and arrange for the vacation services offered in this brochure, including transportation, sightseeing and accommodations through independent contracts".

\* \* \*

"All certificates and other travel documents for services issued by the Company are subject to the terms and conditions specified by the supplier, and to the laws of the countries in

4

which the services are supplied."

Tickets were presented to plaintiffs by this defendant for the voyage on the Sea Diamond. (Ex. 2). The ticket requirements state that the Athens Convention liability provisions apply par 3.2, i.e., the International Convention Relating to the Carriage of Passengers and their luggage by Sea.

Par. 3g.1 has a forum selection clause of Piraeus, Greece and 40.1 states that Greek law will apply.

Whether these terms are valid as to where to sue are not presently before the Court nor is whether Greek law will apply as against the cruise line.

However, the joining of Group Voyagers Terms and Conditions and the cruise line ticket provided by Group Voyagers make Group Voyagers subject also to Greek law and thus the law of the European Union and the Athens Convention. Since the cruise line ticket has no U.S. ports involved, the European laws will rule.

The Athens Convention has been enforced in U.S. Courts.

Berman v. Royal Cruise Line

1995 A.M.C. 1926 (Ca. Super. Ct. 1995)

Mills v. Renaissance Cruises

1993 A. M.C. 131 (N.D. Ca.1993)

Becantinos v. Cunard, 1991 U.S. Dist. Lexis 5272 (S.D.N.Y. 1991)

Kirman v. Cie. Francaise de Crocieres, 1994 A.M.C. 2848 (CA. Sup. Ct. 1993) pet. for review denied (Ca. Supreme Ct. 1994)

The Athens Convention also allows recovery of emotional distress damages.

5

Lee v. Air Tours, [2002] I.T.L.J. 198 (English decision).

The Terms and Conditions make the law of the European Union apply to this case and specifically E.C. Council Directive of 13 June 1990, 90/314/EEC (Ex. 3 attached). The significance is discussed below.

    I.    Defendant Group Voyagers as a Tour Operator has the liability of the Cruise Line Owner and Operator

The agreement put forth by Group Voyagers in conjunction with the ticket it provided makes Greek law apply and thus EC law and the Athens Convention on liability and damages.

Group Voyagers admits it is a tour operator. As such under Council Directive, EC law 90/314/EEC <u>a tour operator has the same liability for fault as a cruise line or airline:</u>

The operative language of the Directive is:

"Whereas the organizer and/or retailer party to the contract should be liable to the consumer for the proper performance of the obligations arising from the contract;"

\* \* \*

Article 2, par. 2

2. " 'organizer' means the person who, other than occasionally, organizes packages and sells or offers hem for sale, whether directly or through a retailer".

\* \* \*

5. 'contract' means the agreement linking the consumer to the organizer and/or the retailer."

\* \* \*

Article 5

6

1. Member states shall take the necessary steps to ensure that the organizer and/or retailer party to the contract is liable to the consumer for the proper performance of the obligations arising from the contract, irrespective of whether such obligations are to be performed by the organizer and/or retailer or by other suppliers of services without prejudice and/or retailer to pursue those other suppliers of services.

In the English decision of <u>Lee & Lee v. Air Tours Holidays, Ltd</u>. [2002] I.T.L.J. 198 (Central London County Ct.), the claimants suffered psychiatric damage and loss of valuables when their cruise ship caught fire and sank. The case held that the EC Package Travel Regulations (<u>i.e.</u> E.C. 90/314/EEC) made Air Tours liable both as carrier and tour operator. The financial limitations of the Athens Convention were not applied to defendant as operator. Psychiatric injury was recoverable in damages.

The language of the EC law makes the group organizer <u>absolutely liable</u> for the fault of Louis Cruises.

The proof in this case will amply show that Louis Cruises is liable for the captain navigating in Santorini Island waters in such a negligent manner, that Louis Cruises is liable for his negligence and worse.

In the case of <u>Club Tour v. Garrido</u>, which explains the liability of a tour organizer, at page 5, par. 12, it states: (Ex. 4)

> " . . . the intention of the directive is to protect the consumer
> of tourism services by making the operators and travel agents
> responsible for losses due to improper performance of the
> contractual obligations . . .".

In the website concerning the EC Directive (Ex. 5) it states:

> "The Directive contains rules concerning the liability package of package organizers and retailers <u>who must accept responsibility for the performance of the services offered.</u>"

(Emphasis supplied).

Since this case is ruled by Greek (and thus EC law) pursuant to the ticket. The EC Directive should be made applicable.

Alexander Anolik, a travel expert and author of many books and articles over 30 years was this firm's expert in the case of <u>Forst v Franzaroli</u>, Superior Court, Suffolk County, Massachusetts, Civil Action 02-0585G. The case involved suit against a Massachusetts tour group/travel agent for a bus accident in Italy using a local tour bus company. In an affirmation in the case he stated: (Ex.6)

> "The EU Travel Directives mandate a "proper tour" standard. This is basically a strict liability standard. Article 12 of the European Travel Directive (UNIDROIT) establishes that the travel organizer shall be responsible for the acts and omissions of the employees (Tour Manager) and agents when acting in the course of their employment or within the scope of their authority. The tour operator of the travel agent is liable for the proper performance of the travel services contract, regardless of who was responsible to deliver the special services. The tour operator or travel agent is responsible for the acts and omissions of the tour escort and driver.
>
> Article 13 of the European Travel Directive establishes that the travel organizer shall be held liable for loss or damage caused to the traveler as a result of non-performance.
>
> Article 15 of the European Travel Director sets forth that when a travel organizer entrusts to a third party the provision of transportation, he or she shall be liable for any loss or damage caused to the traveler.

8

Under European law, a Tour Operator is responsible for its employees and independent contractors."

Liability for tour operators in Europe is governed by the EU Travel Directive which has a "proper tour" standard. This is basically a strict liability standard. Article 12 of the European Travel Directive (UNIDROIT) establishes that the travel organizer shall be responsible for the acts and omissions of the employees (Tour Manager) and agents when acting in the course of their employment or within the scope of their authority. The tour operator or the travel agent is liable for the proper performance of the travel services contract, regardless of who was responsible to deliver the special services. The tour operator or travel agent is responsible for the acts and omissions of the tour escort and driver. Article 13 of the European Travel Directive establishes that the travel organizer shall be held liable for loss or damage caused to the traveler as a result of non-performance. Article 15 of the European Travel Director sets forth that when a travel organizer entrusts to a third party the provision of transportation, he shall be liable for any loss or damage caused to the traveler. I have reviewed and worked with the directives and regulations above in order to help advise the industry on what is and must be the custom and practice in the industry.

Since there is strict liability, even if this defendant were to demand mediation, or arbitration, there would be no liability issue.

Defendant Club Tours having provided a ticket under the Athens Convention for a European voyage should be bound by the applicable European laws.

2. <u>Defendant Group Voyagers, Inc. is liable For Failure to Properly Investigate the Safety Record of Louis Hellenic Cruise, Clovis Public Co., Ltd.) ("Cars")</u>

9

Publicity following the sinking of the Sea Diamond mentioned the poor safety record of Louis, the cruise line owner and operator. It is a matter of record.

Group Voyagers, Inc. may be held liable when further investigation reveals that it did not even take normal investigations as to Louis' safety record and the proper vetting of the captain, officers and crew. This involves not only the training of its officers in navigation and particularly navigation in the area of Santorini Island, but also training in proper evacuation procedures which have endangered lives and caused unnecessary mental distress and some injuries.

Travel Law, Hon. Thomas A. Dickerson, Section 5.49.

Miller v. Group Voyagers, Inc. 1996 WL 32119 (E.D. Pa. 1996) (investigation would have revealed unsanitary conditions at one hotel and many thefts at another. Group operator could be liable).

Winter v. I.C. Holidays, Inc., New York Law Journal, Jan 9, 1992 p.23, Col. 4 (N.Y. Sup. Ct. 1992) (negligent selection of a foreign bus company which was insolvent, unsafe and uninsured.

## CONCLUSION

For the above reasons, the motion of Defendant Group Voyagers to dismiss the complaints should be denied.

Dated: New York, New York
      February 26, 2008

                                      Respectfully submitted,

                                      KREINDLER & KREINDLER LLP

10

By: _____
Paul S. Edelman (4500)
Attorneys for Plaintiff
100 Park Avenue
New York, New York 10017
Tel: (212) 687-8181
Fax: (212) 972-9432

TO: Michael E. Unger, Esq.
Freehill, Hogan & Maher LLP
Attorneys for Louis P.C.L.
80 Pine Street
New York, NY 10005-1750

Joseph J. Ortego, Esq.
Scott P. Eisenberg, Esq.
Nixon Peabody, LLP
Attorneys for Group Voyagers, Inc.
50 Jericho Quadrangle, Ste. 300
Jericho, NY 11753

11

Maltman Forman PA
Attorneys/Counsel for Louis P.C.L.
2 So. Biscayne Blvd., Ste 2300
Miami, FL 33131

Todd J. Krouner, Esq.
Prior attorneys for Plaintiffs
93 No. Greeley Avenue
Chappaqua, NY 10514